**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CRIMINAL NO. 1:25-cr-00383-LLA** |
| **v.** | **:** | |
| | **:** | |
| **DANIELLE HILLMER,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## UNITED STATES NOTICE OF CORRECTION

The United States of America respectfully files this notice to correct a legal citation that appeared in the United States Response to Defendant's Motion for a Bill of Particulars.   (Dkt No. 21.)   The first paragraph in subpart II.B. of the government's response memorandum (Dkt. No. 21 at 11) should have read as follows:

> The defendant characterizes the government's production of "over 15 million pages and 1.765 terabytes of data" as evidence that a bill of particulars is more necessary, arguing that voluminous discovery "can have the deleterious effect of making it harder for Defendants to prepare for trial." Dkt. No. 18-1 at 20 (quoting *Khalil*). The law is the opposite. Under *Butler*, a bill of particulars is unnecessary where the requested information is "available in some other form"—including through discovery. 822 F.2d at 1193. The production of substantial discovery is a factor that weighs against, not in favor of, ordering a bill of particulars. *Saffarinia*, 422 F. Supp. 3d at 277.

In addition, the United States files this notice to correct the same citation and an additional legal citation included in a February 13, 2026 letter from the United States to defense counsel that was subsequently filed by both the Defendant (Ex. 2, Dkt. No. 18-5) and the United States (Dkt. No. 21-2) as an attachment to each parties' briefing on Defendant's Motion for a Bill of Particulars. (Dkt. No. 18.)

Specifically, the paragraph in the Legal Standard section of the United States' February 13, 2026 letter to Defendant should have read as follows:

A bill of particulars is intended to inform the defendant of the charges with sufficient precision to prepare for trial, minimize surprise, and support a double jeopardy plea in a subsequent prosecution. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not a discovery device and may not be used to compel the government to disclose the manner in which it will prove its case or preview its evidence and legal theories. *See United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 177–78 (D.D.C. 2015) (defendants not entitled to bill of particulars disclosing overt acts or names of co-conspirators); *United States v. Poindexter*, 725 F. Supp. 13 (D.D.C. 1989). The decision to grant a bill of particulars lies within the sound discretion of the trial court and is appropriate only where the indictment is so vague that the defendant cannot prepare a defense. *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006). Moreover, the need for a bill of particulars is significantly diminished where the government has produced extensive discovery, as it has here.  *See United States v. Saffarinia*, 422 F. Supp. 3d 269, 277 (D.D.C. 2019) (holding the production of substantial amounts of discovery is a relevant consideration in evaluating whether to order a bill of particulars).

The United States has provided notice to defense counsel regarding the above corrections as well.

Respectfully submitted,


LORINDA I. LARYEA
Chief, Fraud Section
Criminal Division
United States Department of Justice

By:    _/s/ Andrew Jaco_____
Andrew Jaco (D.C. Bar No. 1029334)
Paul Hayden
Lauren Archer
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Bond Building, Fourth Floor
Washington, D.C. 20530
Andrew.J.Jaco@usdoj.gov
Paul.Hayden@usdoj.gov
Lauren.Archer2@usdoj.gov

Counsel for the United States of America

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 27, 2026, I electronically filed the foregoing with

the Clerk of the Court using CM/ECF.

*s/Andrew Jaco*
J. Andrew Jaco
Trial Attorney